UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JERMAINE NIBBS

                      Plaintiff,

             -against-

THE CITY OF NEW YORK, DET. LISANDRO RIVERA, Shield No. 05877, Individually and in her Official Capacity, DET. GERALDO A. PEREZ, Shield No. 1832, Individually and in his Official Capacity, and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                      Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

**09 CV 07185**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff JERMAINE NIBBS by his attorneys, Cohen & Fitch LLP, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff JERMAINE NIBBS is an African American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned the individually named defendants DET. LISANDRO RIVERA, DET. GERALDO A. PEREZ, and P.O.'s "JOHN DOE" #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## **FACTS**

13. On or about April 13, 2007, at approximately 11:00 a.m., plaintiff was lawfully present in the vicinity of 143rd Street and Willis Avenue in the County of the Bronx, in the City and the State of New York.

14. At the aforesaid time and place, plaintiff was walking to his car when two plain-clothed police officers emerged from an unmarked van and suddenly accosted him.

15. Defendant police officers immediately grabbed plaintiff and handcuffed him with his arms behind his back.

16. Thereafter, defendants searched plaintiff but did not find any contraband or any evidence of illegal activity within plaintiff's possession or control.

17. Notwithstanding the lack of any drug-related evidence found on plaintiff JERMAINE NIBBS, defendants arrested plaintiff and charged him with Criminal Sale of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Third Degree, and Criminal Possession of a Controlled Substance in the Seventh Degree.

18.  At no time had plaintiff JERMAINE NIBBS possessed, controlled or sold any narcotics on April 13, 2007.

19.  In connection with the arrest, defendants filled out false and misleading police reports and forwarded said reports to prosecutors in the District Attorney's Office.

20.  Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

21.  As a result of this unlawful arrest, plaintiff JERMAINE NIBBS spent approximately three (3) weeks in custody and approximately four (4) months making numerous court appearances in connection with these charges, before all of the charges were dismissed on August 1, 2007.

22.  As a result of the foregoing, plaintiff JERMAINE NIBBS sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

23.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "22" with the same force and effect as if fully set forth herein.

24.  All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

25.  All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

28. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

31. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. Defendants misrepresented and falsified evidence before the District Attorney.

34. Defendants did not make a complete and full statement of facts to the District Attorney.

35. Defendants withheld exculpatory evidence from the District Attorney.

36. Defendants were directly and actively involved in the initiation of criminal proceedings against JERMAINE NIBBS.

37. Defendants lacked probable cause to initiate criminal proceedings against JERMAINE NIBBS.

38. Defendants acted with malice in initiating criminal proceedings against JERMAINE NIBBS.

39. Defendants were directly and actively involved in the continuation of criminal proceedings against JERMAINE NIBBS.

40. Defendants lacked probable cause to continue criminal proceedings against JERMAINE NIBBS.

41. Defendants acted with malice in continuing criminal proceedings against JERMAINE NIBBS.

42. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

43. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in JERMAINE NIBBS' favor on or about August 1, 2007 when all charges against him were dismissed.

44. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants issued legal process to place plaintiff under arrest.

47. Defendants arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

48. Defendants acted with intent to do harm to plaintiff, without excuse or justification.

49. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and he was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## FIFTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "49" as if the same were more fully set forth at length herein.

51. Defendants created false evidence against plaintiff JERMAINE NIBBS.

52. Defendants forwarded false evidence and false information to prosecutors in the District Attorney's office.

53. Defendants misled the prosecutors by creating false evidence against plaintiff JERMAINE NIBBS and thereafter providing false testimony throughout the criminal proceedings.

54. In creating false evidence against plaintiff JERMAINE NIBBS, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn

statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

55. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### SIXTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "55" as if the same were more fully set forth at length herein.

57. Defendants arrested and incarcerated plaintiff JERMAINE NIBBS in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

58. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

59. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

60. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

> i. fabricating evidence against innocent persons erroneously arrested during buy-and- bust operations;
>
> ii. arresting innocent persons wrongfully apprehended during buy-and-bust

        operations;

    iii. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing;

61. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Julio Diaz v. City of New York,** United States District Court, Southern District of New York, 08 CV 6399;

- **Frank Douglas v. City of New York,** United States District Court, Southern District of New York, 03 CV 6475;

- **Darnell Flood v. City of New York,** United States District Court, Southern District of New York, 03 CV 10313;

- **Theodore Richardson v. City of New York, et al,** United States District Court, Eastern District of New York, 02 CV 3651;

- **Phillip Stewart v. City of New York,** United States District Court, Southern District of New York, 05 CV 2375;

- **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

- **Horace Taylor v. City of New York**, United States District Court, Southern District of New York, 03 CV 6477;

- **Angel Vasquez v. City of New York,** United States District Court, Eastern District of New York, 05 CV 3552;

- **Alvin Williams v. City of New York**, United States District Court, Southern District of New York, 05 CV 4013;

62. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff JERMAINE NIBBS.

63. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by JERMAINE NIBBS as alleged herein.

64.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff JERMAINE NIBBS as alleged herein.

65.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff JERMAINE NIBBS was incarcerated unlawfully for three (3) weeks and all charges were dismissed on or about August 1, 2007.

66.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff JERMAINE NIBBS.

67.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff JERMAINE NIBBS's constitutional rights.

68.     All of the foregoing acts by defendants deprived plaintiff JERMAINE NIBBS of federally protected rights, including, but not limited to, the right:

   i. Not to be deprived of liberty without due process of law;

   ii. To be free from seizure and arrest not based upon probable cause;

   iii. To be free from unwarranted and malicious criminal prosecution;

   iv. Not to have cruel and unusual punishment imposed upon him; and

   v. To receive equal protection under the law.

69.     As a result of the foregoing, plaintiff JERMAINE NIBBS is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, JERMAINE NIBBS, demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       August 12, 2009

                                    BY:_____/S_____
                                    Joshua P. Fitch (JF-2813)
                                    Cohen & Fitch LLP
                                    Attorneys for Plaintiff
                                    225 Broadway, Suite 2700
                                    New York, N.Y. 10007
                                    (212) 374-9115